**FILED**

AUG 14 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAD MOHAMMAD-BEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CORRECTIONAL OFFICER J. CRUZEN,<br>et al.,<br><br>　　　　　Defendants. | No. C 15-1891 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service upon the defendants.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.15\Mohammad-Bey891srv.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff is a practicing Muslim incarcerated at San Quentin State Prison ("SQSP"). As part of his religious beliefs, plaintiff must pray five times daily at specified times. Plaintiff also believes that he will receive at least 25 times more blessings during a congregational prayer than during individual prayer. Plaintiff began to offer congregational prayer with up to 30 Muslim prisoners in SQSP West Block. At some point thereafter, SQSP staff created a rule prohibiting SQSP Muslim inmates from offering congregational prayer in groups of more than 4 inmates at a time.

On September 22, 2013, non-defendant Correctional Sergeant Dutton prohibited plaintiff and other Muslim prisoners from offering congregational prayers of more than 4 prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff.

Plaintiff and other Muslim prisoners filed a group administrative grievance, complaining that they were being discriminated against based on their religion. At the third level of review, plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May 14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregation prayer of no more than 15 prisoners during "open dayroom."

Beginning on June 28, 2014, plaintiff and other Muslim prisoners offered congregation evening/sunset prayer every day without incident until July 25, 2014. On July 25, 2014, plaintiff and approximately 14 other Muslim prisoners began their congregational prayer. Before they were finished, defendants Correctional Officers J. Cruzen, C. Caldera, R. Christensen, and D. Ogle interrupted the prayer group. Cruzen issued a direct order for plaintiff and the others to stop. One of the Muslim prisoners told Cruzen that a group appeal had been granted and that

they were authorized to perform congregational prayers. Cruzen angrily responded that the appeal had been rescinded, and they were not allowed to have more than 4 people praying. Even after Cruzen was shown a copy of the granted appeal and the memorandum authorizing Muslim prisoners to engage in congregational prayer of up to 15 people, Cruzen stated that it did not matter and insisted that the Muslim prisoners needed to leave. Cruzen's behavior began to turn hostile, and all defendants placed their hands on their batons as if threatening to physically assault plaintiff and the Muslim prisoners.

      Liberally construed, plaintiff has stated cognizable claims that defendants violated the First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act.

## CONCLUSION

1.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Correctional Officers J. Cruzen, C. Caldera, R. Christensen, and D. Ogle** at **San Quentin State Prison**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the

duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     3.     No later than **sixty (60) days** from the date the waivers are sent from the court, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

     4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

     5.     Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

     7.     All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

1  9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/13/2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing Plaintiff to File Notice of Intent to Prosecute